IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANDY EADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-055 |
| | ) | |
| DODGE COUNTY JAIL and INMATE MEDICAL SERVICE, | ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at the Dodge County Jail ("DCJ") in Eastman, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I. SCREENING OF THE COMPLAINT**

  **A. Background**

Plaintiff names the DCJ and Inmate Medical Service as Defendants. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has been incarcerated at DCJ for fourteen months. (Doc. no. 1, p. 5.) During that time, he has had a large red spot on his neck and been coughing up blood. (Id.) Defendants refuse to treat Plaintiff for his ailments. (Id.)

### B. Leave to Amend Complaint

Here, Plaintiff alleges deliberate indifference claims against DCJ and Inmate Medical Service. However, DCJ is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Moreover, it is unclear from Plaintiff's complaint whether Inmate Medical Service is a private medical entity or whether it is a subdivision of DCJ. The only appropriate parties under § 1983 are persons who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); see also Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff's claims are ripe for dismissal for failure to state a claim upon which relief can be granted.

The Court is hesitant to dismiss Plaintiff's potentially plausible deliberate indifference claims on such a technicality. The Court therefore will give Plaintiff an opportunity to amend his complaint and name defendants capable of being sued, presumably the jail and medical

2

officials allegedly responsible for the deprivation of Plaintiff's constitutional rights. Plaintiff should also include as much information as possible about his alleged medical diagnoses, symptoms, and treatment sought. Accordingly, the Court **ORDERS** Plaintiff to amend his complaint within fourteen days of the date of this Order.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will

recommend dismissal of this action, without prejudice.  Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 4th day of December, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA