IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANDY EADY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 317-055 |
| DODGE COUNTY JAIL; INMATE MEDICAL SERVICE; LYNN SHEFFIELD, Sheriff; MS. DAVIS, Inmate Medical Service; and MS. FERGUSON, Inmate Medical Service, | ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

On September 27, 2017, Plaintiff, a pre-trial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, filed this § 1983 action alleging he had been incarcerated at DCJ for fourteen months, was suffering during this period from a large red spot on his neck and coughing up blood, and Defendants refused to treat Plaintiff for his ailments. (Doc. no. 1.)

By Order dated December 4, 2017, the Court explained to Plaintiff that the original complaint failed to state a claim because the two defendants he named were not appropriate defendants in a § 1983 action. (Doc. no. 8.) The Court directed Plaintiff to file an amended complaint with fourteen days that (1) names as defendants the officials who are responsible for his alleged constitutional deprivations; and (2) includes as much information as possible about his alleged medical diagnoses, symptoms, and treatment sought. (Id. at 3.) The Court further directed Plaintiff to number the paragraphs of his complaint sequentially and include therein

information such as (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. (Id. at 3-4.)

In response, Plaintiff merely refiled the original complaint and attached a letter stating he did not know how to complete the complaint form and needed someone to visit the jail to take a picture of his neck and assist him in preparing the amended complaint. (Doc. no. 9.)

The Court construes Plaintiff's letter as a motion to appoint counsel. As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff gives no reason why he should be appointed counsel other than his fear of "put[ting] the wrong thing on [his amended complaint]," (doc. no. 9-1), and his filings show that his circumstances have not prevented him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Accordingly, the Court **DENIES** Plaintiff's request to appoint counsel.

The Court will give Plaintiff one final chance to properly amend his complaint. Accordingly, Plaintiff shall file an amended complaint <u>within fourteen days</u> of the date of this Order.[1] The amended complaint should be in conformity with the Court's detailed instructions in its December 4th Order. (<u>See</u> doc. no. 8, pp. 3-4.) If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

SO ORDERED this 16th day of January, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.