IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANDY EADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-055 |
| ) | |
| DODGE COUNTY JAIL; INMATE ) | |
| MEDICAL SERVICE; LYNN SHEFFIELD, ) | |
| Sheriff; MS. DAVIS, Inmate Medical Service; ) | |
| and MS. FERGUSON, Inmate Medical ) | |
| Service, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

On September 27, 2017, Plaintiff, a pre-trial detainee at Dodge County Jail ("DCJ") in Eastman, Georgia, filed this § 1983 action alleging he had been incarcerated at DCJ for fourteen months, was suffering during this period from a large red spot on his neck and coughing up blood, and Defendants refused to treat Plaintiff for his ailments. (Doc. no. 1.)

By Order dated December 4, 2017, the Court explained to Plaintiff that the original complaint failed to state a claim because the two defendants he named were not appropriate defendants in a § 1983 action. (Doc. no. 8.) The Court directed Plaintiff to file an amended complaint with fourteen days that (1) names as defendants the officials who are responsible for his alleged constitutional deprivations; and (2) includes as much information as possible about his alleged medical diagnoses, symptoms, and treatment sought. (Id. at 3.) The Court further directed Plaintiff to number the paragraphs of his complaint sequentially and include therein

information such as (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.  (Id. at 3-4.)

In response, Plaintiff merely refiled the original complaint and attached a letter stating he did not know how to complete the complaint form and needed someone to visit the jail to take a picture of his neck and assist him in preparing the amended complaint.  (Doc. no. 9.)  The Court gave Plaintiff one final chance to properly amend his complaint and ordered him to file a properly amended complaint within fourteen days of its January 16, 2017 Order.  (Doc. no. 11.)  The Court warned Plaintiff if he failed to respond to its order, it would presume he desired to have his case voluntarily dismissed and would recommend dismissal of this action.  (Id. at 2.)  Plaintiff did not respond to the Court's January 16th Order; nor has he filed a properly amended complaint, explained his failure to do so, or communicated with the Court in any way.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has

failed to comply with a court order, "especially where the litigant has been forewarned." <u>Owens v. Pinellas Cnty. Sheriff's Dep't</u>, 331 F. App'x 654, 655 (11th Cir. 2009) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)); <u>see also</u> Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file a properly amended complaint, respond to the Court's January 16th Order, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice under Loc. R. 41.1 due to Plaintiff's failure to prosecute this action and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of February, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA